# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Terry Ray Jackson,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Keith Ellison, Jodi Harpstead, Nancy Johnston, Marshall Smith, Tim Walz, Elizabeth Peterson, Jannine Hebert, Nancy Stacken, Terry Kniesel, "Hennepin County Social Services Director," Paul Schnell, and "An Unknown Number of John Does and Jane Does,"<br><br>　　　　　Defendants. | Case No. 12-CV-0550 (JRT/ECW)<br><br><br>**ORDER AND<br>REPORT AND RECOMMENDATION** |

　　This matter is before the Court on Plaintiff Terry Ray Jackson's amended complaint (Dkt. 21 ("Amended Complaint")). For the following reasons, the Court vacates its earlier Report and Recommendation (Dkt. 20); recommends dismissing this action based on review of the Amended Complaint; and recommends denying as moot Jackson's IFP application (Dkt. 2) and motion for a temporary restraining order and/or preliminary injunction (Dkt. 4).

　　As an earlier Order discussed (*see* Dkt. 19 at 1), this action is one of many MSOP-participant matters that recently emerged from a stay based on the long-running litigation in *Karsjens v. Minnesota Department of Human Services*, No. 11-CV-3659 (DWF/TNL). This Order indicated that Jackson's original complaint in this matter did not meet well-established pleading requirements under Federal Rule of Civil Procedure 8(a)(2). (*See id.*

at 2-3.) Specifically, the Court noted that "[a]t 146 pages and over 300 paragraphs," the complaint was neither "short" nor "plain." (*See id.* at 2; Fed. R. Civ. P. 8(a)(2).) The Court also pointed out that "Jackson makes little effort to differentiate between any of the dozens of defendants named to this action, with all but one of the thirty-two causes of action brought with respect to each of those defendants," and that "[m]any of these thirty-two causes of action are needlessly duplicative." (Dkt. 19 at 2.)

Rather than immediately dismissing this action, the Court gave Jackson a chance "to submit an amended complaint that clearly and concisely sets forth Jackson's claims for relief and the factual basis for those claims." (*Id.* at 3.) The Court gave Jackson specific guidance on a number of points:

> Jackson is offered the following warnings before he prepares his amended complaint: This Court suspects that much or all of Jackson's current complaint, as pleaded, would not survive review under § 1915(e)(2)(B) even if the Rule 8 deficiency were ignored. Insofar as Jackson brings claims under 42 U.S.C. § 1983 against the defendants in their personal capacities, almost nowhere in the sprawling complaint does Jackson allege what any *specific* defendant did or did not do that violated the law; instead, nearly every action or omission is imputed equally to each of the dozens of defendants. Insofar as Jackson seeks injunctive relief from the defendants in their official capacities, he cannot bring claims that necessarily imply the wholesale invalidity of his civil detention, and any claims seeking injunctive relief from specific policies in place at the facility where Jackson was detained when he filed this action may have become moot due to Jackson's subsequent transfer to prison. Finally, at least some of Jackson's claims appear to have already been litigated as part of the *Karsjens* litigation. Because Jackson was among the class members pursuing relief in *Karsjens*, any claims in this action duplicative of those litigated in *Karsjens* are now barred by the doctrine of res judicata. In pursuing this action through an amended complaint, Jackson

2

> should limit himself only to claims "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]" Many of the claims pleaded in the current complaint would not meet that standard.

(*Id.* at 3-4 (citations omitted).)  The Court gave Jackson 30 days—that is, until November 3, 2022—to submit the amended complaint, failing which the Court would recommend this action's dismissal for violating Rule 8.  (*Id.* at 4.)

That deadline came and went without the Court receiving anything from Jackson.[1] So on December 9, 2022, the Court entered a Report and Recommendation recommending this action's dismissal.  (*See* Dkt. 20 at 2.)  Three days later, the Court received the Amended Complaint.  Given the Amended Complaint's arrival (even if late), the Court vacates its earlier Report and Recommendation.

As for the Amended Complaint itself, however, many of the original complaint's problems remain.  While the Amended Complaint is arguably shorter and plainer than the original, it still is neither short nor plain (89 pages, more than 260 paragraphs of substantive allegations, and more than 300 total paragraphs).  The pleading's causes of action still do not distinguish between the various named Defendants.  (*See* Dkt. 21 at 81-87.)  The same problem also remains in the substantive allegations: Jackson repeatedly alleges (with few exceptions) that every Defendant is involved in all the alleged conduct.  (*See generally id.* at 12-81.)  Given these issues, the Court concludes that Jackson has

---

[1] Certain materials sent to Jackson were returned to the Court as undeliverable.  It is, of course, Jackson's responsibility to keep the Court apprised of his proper mailing address.

3

failed to fix the original complaint's Rule 8 problems. The Court thus recommends dismissing this action without prejudice based on violations of Rule 8 of the Federal Rules of Civil Procedure.[2] *See, e.g.*, *Olson v. Little*, 978 F.2d 1264 (8th Cir. 1992) (per curiam) (affirming district court's *sua sponte* dismissal of matter for Rule 8 violation).

Given this recommendation, the Court further recommends denying as moot those motions (Dkt. 2, 4) revived by the Court's decision to vacate its earlier Report and Recommendation.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS ORDERED THAT** this Court's earlier Report and Recommendation (Dkt. 20) is **VACATED**.

---

[2] Even if the Amended Complaint did not have these flaws, it would still run afoul of this Court's earlier guidance. For instance, the Amended Complaint plainly brings claims that "necessarily imply the wholesale invalidity of [Jackson's] civil detention." (Dkt. 19 at 3; *see also, e.g.*, Dkt. 21 at 87-88 (repeatedly asserting that various MSOP-related statutes are facially unconstitutional).) Jackson also half-heartedly suggests that *Karsjens* does not preclude any of his claim (*see* Dkt. 21 at 75-76), but that is simply false: Jackson is plainly trying to relitigate claims about MSOP's constitutionality that were at *Karsjens*'s core. So even if the problems noted in the text were not dispositive—and, to be clear, they are—much (if not all) of the Amended Complaint would not survive § 1915 screening.

4

# RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

1. This action be **DISMISSED** without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

2. Plaintiff Terry Ray Jackson's Motion for Leave to Proceed In Forma Pauperis (Dkt. 2) and request for a temporary restraining order and/or a preliminary injunction (Dkt. 4) be **DENIED** as moot.

Dated: January 17, 2023

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).